# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

Xiao Qin Zhou
A 73 573 574

    Petitioner, *Pro-Se*

v.

Edward McKenzie, United States Attorney General; Michael Chertoff, Secretary of Department of the Homeland Security.

    Respondents.

Civil Action No. 08-281-KD-M

FILED MAY 27 '08 PM 2:37 USDC ALS

---

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND ALL WRITS ACT UNDER 28 U.S.C. § 1651.**

---

Xiao Qin Zhou
Alien No. A 73 573 574
PerryCounty Correctional Center
Rt. 2, Box 176, Hwy. 80
Uniontown, Al. 36786
Petitioner, *Pro Se*

## INTRODUCTION

Petitioner, Xiao Qin Zhou, hereby petitions this Court for a Writ of Habeas Corpus to remedy his unlawful detention by Respondents. In Support for this Petition and complaint for injunctive relief, Petitioner alleges as follows:

## CUSTODY

1. Petitioner is in physical custody of Respondents and the United States Immigration and Customs Enforcement (ICE) of the Department of Homeland Security (DHS). Petitioner is detained at the Perry County Correctional Center (P.C.C.C.) in Uniontown, Alabama. The ICE has contracted with P.C.C.C. to house Immigration detainees such as Petitioner. Petitioner is under direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, the Immigration and Naturalization Act (INA), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241, §2243; Article I § 9, Cl. 2 of the United States Constitution (Suspense Clause), and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States and such custody is in violation of the Constitution, Laws or Treaties of the United States. This Court may grant Relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 701, and All Writs Acts, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Southern District of Alabama, the Judicial District in which the Petitioner resides. 28 U.S.C. §1391 (e).

## PARTIES

6. Petitioner, Xiao Qin Zhou, is native of Fujian, China. Petitioner has been in ICE custody since November 9, 2007, and remained in ICE custody continuously since that date. Petitioner was ordered removed on January 27, 1998.

7. Respondent Edward McKenzie, is the Attorney General of the United States and is responsible for the Immigration of the INS and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such Mr. McKenzie has ultimate custodial authority over Petitioner.

8. Respondent Michael Chertoff is the Secretary of Department of Homeland Security (DHS). Effective March 1, 2003, the Immigration and Naturalization Service (INS), ceased to exist as an agency of the Department of Justice, and its functions were transferred to the DHS. ICE of DHS is responsible for the interior investigation functions of the INS. Therefore, the Secretary of DHS is responsible for administration of ICE and the implementation and enforcement of INA, is responsible for conducting at least on file Custody Review and making the decision to release Petitioner or to continue his detention, and has ultimate custodial authority over Petitioner.

9. Any other persons having Petitioner in custody.

## STATEMENT OF FACTS

10. Petitioner Xiao Qin Zhou, born on August 15, 1975 in Fujian, China.

11. Petitioner came into the United States in May 1, 1993, at Miami, Florida, without inspection. On August 7, 1994, the Petitioner filed the Form I-589, requesting Asylum. On May 20, 1996, the Asylum was denied, en the case was referred to the Immigration Judge. On January 27, 1998, the Immigration Judge ordered removed the Petitioner from the United States to China.

12. On November 3, 1998, Petitioner was convicted of Simple Battery in the Family Court; he was release under bond. On March 5, 2008, the warrant placed for the Fulton County Sheriff's Office and the extradition while the Petitioner is under ICE custody, was <u>declined</u>. On November 9, 2007, Petitioner was convicted of Conspiracy to commit robberies and brandishing of a firearm. Petitioner was sentenced to 78 months incarceration and 3 years of Supervised Release. See, Exhibit 1.

On November 23, 2007, the Immigration and Customs Enforcement (ICE) arrested Petitioner.

13. The Petitioner attends to the Christian Church and feels deeply repentance for the bad acts that he commits in the past; he is a new person that follows the Word of God. If the Petitioner is gives release, he goes to live with his best friend Guo Chen in 760 60th St., Apt. 3d. Brooklyn, NY 11220. Phone (917) 293-3369.

14. The Government asserts that "the presence of a travel document is currently the <u>only impediment</u> keeping ICE from enforcing an order of removal". See, Exhibit 1. (Decision to Continue Detention). That show that the Petitioner cooperated fully with the fingerprints, pictures, signatures of the Forms, etc and all efforts by ICE to remove him from the United States to China. See, Exhibit 1. Petitioner has been in detention and sees no significant likelihood of removal in the foreseeable future. In the extended detainee's detention to indefinite is unconstitutional. Citing Ly v. Hansen, 351 F.3d 263 (6thCir. 2003) See also Uritsky v. Ridge, 286 F. Supp.2d 842 (E.D. Mich. 2003) See also Nadarajah v. Gonzales, 443 F3d. 1069 U.S. App. (9th Cir.2006). See also, Zadvydas v. Davis, Kim Ho Ma v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L.Ed.2d 653 (2001).

15. Petitioner represents neither a danger for community nor a flight risk, and deserves, by the Law. If released Petitioner seeks a Preliminary Injunction preventing Respondent from continuing to detain him pending the resolution of removal against him in, violation of his Fourth and Fifth Amendment Rights. The Fifth Amendment Due Process Clause forbids government to "deprive" any "person…of …liberty…without due process of law. "Freedom from imprisonment--from government custody, detention, or other forms of physical restraint—lies at the heart of that {150 L. Ed. 2d. 667} clause protects. Citing Foucha v. Louisiana, 504 U.S. 71, 80, 118 Ed. 2d. 437, 112 S. Ct. 1780 (1992).

16. Petitioner's custody status was first reviewed on March 24, 2008, Petitioner remain in ICE custody. The second review on May 23, 2008, Petitioner was not been released or removed from the United States.

17. On May 23, 2008, Petitioner custody was transferred the authority to Headquarters Custody Review Unit (HQCRU) and Headquarters Post-Order Detention Unit (HQPDU) in Washington.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

18. In <u>Zadvydas v. Davis, Kim Ho Ma v. Davis</u>, 533 U.S. 678, 121 S. Ct. 2491, 150 L.Ed.2d 653 (2001); the Supreme Court held that 90 days is the presumptively reasonable period during which ICE/INS may detain aliens in order to effectuate their removal. <u>Id.</u>, at 702. Interim administrative

3

regulations also recognize that the HQPDU has a 90 days period for determining whether is a significant likelihood of an alien's removal in the reasonable foreseeable future. 8 C.F.R. § 241.13(b)(2)(iii). Same to Supreme Court decisions in <u>Wallis v. Benitez and Clark v. Martinez</u>,160, L. Ed. 2d 734, 125 S. Ct. 716 (2005). See, Perez Aquillar v. Ashcroft, 130 Fed. Appx. 432, 2005 U.S. App. LEXIS 8236 No. 03-12231. In Clark the Court extended its interpretation of 1231(a)(6) to inadmissible aliens such as Perez-Aquillar. The Court also vacated and remanded for reconsideration our decision in Benitez v. Wallis, 337 F. 3d 1289 (11th Cir. 2003), in which we had affirmed the denial of 2241 Habeas Relief to an inadmissible Cuban alien. On remand, we explained that under Clark, an inadmissible alien can no longer be detained beyond statutory 90 days period of 8 U.S.C. §1231 (a) (1), where there was no significant likelihood of removal in the reasonable foreseeable future.

The Mandatory Detention provision of INA § 236 (c), 8 U.S.C. § 1226 (c), should no incarcerated under this provision which is Unconstitutional. See Paxton v. United States INS, 745 F. Supp. 1261, 1265-66 (E.D. Mich. 1990); Leader v. Blackman, 744 F. Supp. 500, 507-09 (S.D.N.Y. 1990).

## CLAIMS FOR RELIEF
## COUNT ONE
## STATUTORY VIOLATION

19. Petitioner re-alleges and incorporates by reference paragraph 1 through 18 above.

20. Petitioner's continued detention by Respondents is unlawful and contravenes 8 USC §1231 (a)(6) as interpreted by the Supreme Court in <u>Zadvydas v. Davis, Kim Ho Ma v. Davis, Benitez v. Wallis, Clark v. Martinez</u>. The 90 days presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removal to China or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in <u>Zadvydas, Kim Ho Ma, Benitez, Martinez,</u> that ICE/INS continued detention of someone like Petitioner under such circumstances is unlawful. the Mandatory Detention under INA § 236 (c), 8 USC § 1226 (c), deprives him of his right to due process as guaranteed by the Fifth Amendment of the United States Constitution, which provides that "no person shall be ... deprived of life, liberty, or property, without due process of law."

4

## COUNT TWO
## SUBSTANTIVE DUE PROCESS VIOLATION

21. Petitioner re-alleges and incorporates by reference paragraph 1 through 20 above.

22. Petitioner's continued detention violates Petitioner's Right to Substantive Due Process through a deprivation of the core liberty interest in freedom from bodily restraint.

23. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's Zadvydas and Kim Ho Ma, recognized that the ICE of the DHS may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only 90 days. Petitioner has already been detained in the excess of 90 days and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future. Same to Perez-Aquillar, reference to "Aliens" who can not be removed could no longer be held beyond the 90 days period, the indefinite detention is unconstitutional. Liberty is narrowly tailored to serve a compelling Government interest. The Supreme Court concluded that the Bail Reform Act's pretrial detention procedures were constitutional, and not excessive, in part because "the arrestee [was] entitled to prompt Hearing" See. U.S. v. Salerno 481 U.S. 747 (1987). The Mandatory Detention for all persons covered by INA § 236 (c) is not narrowly tailored to meet the valid legislative goals. "It is well established that the Fifth Amendment entitles aliens to Due Process of Law in Deportation Proceedings". Reno v. Flores, 507 U.S. 292, 306, 123 L. Ed. 2d 1, 113 S. Ct. 1439 (1993). "Aliens who have entered the country are entitled to the protection of the Due Process Clause whether their presence in this country is lawful or not". Zadvydas v. Davis, Kim Ho Ma v Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S. Ct. 2491, 2501 (2001). The Court further asserted that "Government detention without an individualized determination infringes on his fundamental right to liberty and violates Substantive Due process unless it is ordered in ... special and 'narrow' non-punitive 'circumstances'... where a special justification... outweighs the 'individual' constitutionally protected interest in avoiding physical restraint" 121 S. Ct. at 2499. The Court stated that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem". Id. (citing Kansas v. Hendricks, 521 U.S. 346, 356, 138 L. Ed. 2d 501, 117 S. Ct. 2072 (1997).Foucha v. Louisiana, 504 U.S. 71, 80, 118 L. Ed. 2d 4437, 112 S. Ct. 1780 (1992). (finding that Due Process was violated by a Louisiana Statute permitting continued confinement of insanity acquittee without an adequate hearing).United States v. Salerno ET AL. 481 U.S. 746; 107 S. Ct.

2095; L. Ed. 2d 697 (1987). "When Government action depriving a person of life, liberty, or property survives Substantive Due process scrutiny, it must still be implemented in a fair manner. (Citing Mathews v. Eldridge, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976). The Bail Reform Act of 1984 (Act) allows a federal court to detain an arrestee, if the Government demonstrates by clear and convincing evidence after that no release conditions "will reasonably assure… the safety of any other person and the community".

24. As the Supreme Court has stated, "in the exercise of its broad power over immigration and naturalization, 'Congress regularly makes rules that would be unacceptable if applied to citizens'". Fiallo v. Bell, 430 U.S. 787, 792, 52 L. Ed. 2d 50, 97 S. Ct. 1473 (1977). (quoting Mathews v. Diaz, 426 U.S. 67, 80, 48 L. Ed. 2d 478, 96 S. Ct. 1883 (1976)). Mandatory Detention § 236(c), 8 U.S.C. § 1226(c) is Unconstitutional, Hoang v. Comfort, 282 F. 3d 1247 (10th Cir. 2002), rev'd, 538 U.S. 1010, 123 S. Ct. 1963, 155 L. Ed. 2d 846 (2003); Kim v. Ziglar, 276 F. 3d 523 (9th Cir. 2002), rev'd, 538 U.S. 510, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003); Jean v. Nelson, 472 U.S. 846, 854, 86 L. Ed. 664, 105 S. Ct. 2992 (1985). Petitioner's Mandatory Detention after he have been found subject to removal but who have not removed, violates their Due Process Rights unless he have been the opportunity at which, he can show that he do not pose a flight risk or danger to the community. Continued Mandatory Detention violates current interpretation of the Statute and his right to Substantive Due Process by depriving him of his core liberty interest to be free from bodily restraint. In this Case, Mandatory Detention provision of INA § 236(c), 8 U.S.C. § 1226(c) cannot be applied to him retroactively. The fundamental requirement of Due Process is the opportunity to be heard "at a meaningful time and in a meaningful manner". Armstrong v. Manzo, 380, U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965). "The Right to be free of indefinite and possible long-term detention pending a deportability determination," is significant. Martinez v. Greene, 28 F. Supp. 2d 1275, 1283 (D. Colo. 1998). Further, "the risk of erroneous deprivation of liberty is substantial because INA § 236 (c), provides no procedure at all for determining if an alien warrants release".

## COUNT THREE
## PROCEDURAL DUE PROCESS VIOLATION

25. Petitioner re-alleges and incorporates by reference paragraphs 1 through 24 above.

26. Under Due Process Clause of the Fifth Amendment an alien is entitles to a timely and

6

meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied this opportunity. The ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure to Respondents to provide a neutral decision maker to review the continued custody of Petitioner violates Petitioner's Right to Procedural Due Process. Petitioner's argue that Procedural Right to the Due Process of the Fifth Amendment to the United States Constitution are violated by Mandatory Detention, provision of INA § 236(c). The United States District Court for the District of New Jersey in Velasquez v. Reno, 37 F. Supp. 2d 663 (1999), held INA § 236(c), is Unconstitutional. Numerous Courts found the Mandatory Detention to be Unconstitutional. See Del Toro-Chacon v. Chertoff, 431 F. Supp. 2d 1135 (W.D. Wash. 2006); Ly v. Hansen, 351 F. 3d 263 (CA 6 2003); Patel v. Zemski, 275 D. 3d 299 (3d Cir. 2001); Shurney v. INS, et al., 2001 U.S. Dist. LEXIS 25893, Case No. 1:01cv1906 (E.D. Oh. 2001); Zgombic v. Farquharson, 89 F. Supp. 2d 220, 234 (D. Conn. 2000); Cabrera-Rojas v. Reno, 999 F. Supp. 493 (SDNY 1998).

Petitioner's claim is also supported by the Supreme Court's Decision in Dixie Fuel Co. v. Comm'r of Social Security, 171 F. 3d 1052, 1058-59 (6th Cir. 1999) "The Supreme Court has long held that... the exhaustion requirement is far from absolute. Of paramount importance to any exhaustion inquiry is congressional intent...Where Congress has not clearly required exhaustion, sound judicial discretion governs" (quoting McCarthy v. Madigan, 503 U.S. 140, 144, 117 L. Ed. 291, 112 S. Ct. 1081 (1992), this Court has discretion whether to require exhaustion, the respondent concedes that the statute does "not require exhaustion"); Ohio Coal Co. v. Office of Surface. Mining, Reclamation and Enforcement, 20 F. 3d 1418, 1425 (6th Cir. 1994) "Exhaustion of administrative remedies may not be required in cases of non-frivolous challenges to an Agency's procedures". Several Circuits have indicated that "constitutional challenges to the INA and INS procedures and some Due Process claims do not require exhaustion because the BIA does not have the power to adjudicate these claims." Sundar v. INS, 328 F. 3d 1320, 1325 (11th Cir. 2003) (citing Bernal-Vallejo v. INS, 195 F. 3d 56, 64 (1st Cir. 1999); Akinwunmi v. INS, 194 F. 3d 1340, 1341 (10th Cir. 1999); Mojsilovic v. INS, 156 F. 3d 743, 748 (7th Cir. 1998); Rashtabadi v. INS, 23 F. 3d 1562, 1567 (9th Cir. 1994)); Alwaday v. Beebe, 43 F. Supp. 2d 1130, 1999 U.S. Dist. LEXIS 4287, 1999 WL 184028, *2 (D. Or. 1999) (exhaustion no required where Petitioner is being mandatory detained under INA § 236(c), 8 USC § 1226(c); Pastor-Camarena v. Smith, 977 F. Supp. 1415, 1417 (W.D. Wash. 1997) (exhaustion futile in light of In re Nobel); Montero v. Cobb, 937 F. Supp. 88, 91 (D. Mass. 1996) (there is no federal statute that imposes an exhaustion

requirement on aliens taken into custody pending their removal).

## PRAYER FOR RELIEF

Petitioner prays that this Court Grant the following Relief:

1). Assume jurisdiction over this matter;

2).Grant Petitioner a Writ of Habeas Corpus, directing Respondents to immediately Release Petitioner from custody or afford him a Bond Hearing; or released on his Own Recognizance, Parole or Supervised Release under Bracelet Program.

3).Enter a Preliminary and Permanent Injunction, enjoining Respondents from further Unlawful detention of Petitioner;

4). Grant any other and further Relief that this Court deems just and proper.

I affirm, under penalty of perjury that foregoing is true and correct as permitted by 28 U.S.C. §1746.

                                                           ZHOU XIAO QIN
                                                           Xiao Qin Zhou.
                                                           Alien No. A 73 573 574
                                                           Perry County Correctional Center
                                                           Rt. 2, Box 176, Hwy. 80
                                                           <u>Uniontown, AL 36786</u>
                                                           Petitioner, *Pro-Se*

Date: May 24, 2008.

*J. Turner 11/2/11*

# Exhibit 1

Office of Detention and Removal Operations

U.S. Department of Homeland Security
201 Varick Street, Room 1127
New York, NY 10014



U.S. Immigration
and Customs
Enforcement

Xiao Qin Zhou
C/O Perry County Correctional Facility
Rte 2 Box 176
Hwy 80 West
Uniontown, AL 36786

A73 573 574

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and consideration of any information you submitted to ICE's reviewing officials.

You entered into the United States on May 1, 1993, at Miami FL, without being inspected by an Immigration Official. On August 7, 1994, you filed an application for Asylum (I-589) in order to remain in the United States. On May 14, 1996, you were interviewed in connection with your asylum claim. On May 20, 1996, the legacy Immigration and Naturalization Service (INS) Asylum Office issued you an Order to Show Cause (I-221), and charged you under section 241(a)(1)(A) of the Immigration and Naturalization Act (INA). The basis of the referral to the Immigration Judge was that your testimony at the asylum interview was not deemed credible on the material points of your claim. On January 27, 1998, an Immigration Judge (IJ) ordered you deported from the United States to China. You have no pending applications for relief.

A review of your criminal records reveal that on November 3, 1998, you were convicted of Simple Battery. An arrest warrant for you was placed by the Fulton County Sheriff's Office after you failed to surrender. On November 9, 2007, you were convicted under the Hobbs Act (18 U.S.C. § 1951), for Conspiracy to commit robberies and Brandishing of a firearm during a crime of violence and sentenced to 78 months incarceration and 3 years of supervised release. On March 5, 2008, the Fulton County Sheriff's Office was informed that you were in ICE custody. Extradition while you are in ICE custody has been declined by the Fulton County Sheriff's Office.

On November 28, 2007, a travel document request was sent to the Consulate General of the People's Republic of China, along with a completed Declaration of Identity form, as requested by the Government of China. In addition, a travel document request was also submitted through the ICE Headquarters Travel Document Unit in Washington, DC (HQTDU), along with a copy of the Declaration of Identity form. On December 11, 2007, Chinese Consular Officer Gang Lou informed ICE via phone conversation that the issuance of your travel document was pending. During follow up telephone inquiries by ICE about the issuance of a travel document on January 20, 2008, and January 28, 2008, Mr. Lou stated that the issuance of a travel documented was still pending authorization by Chinese authorities. On March 3, 2008, Mr. Lou again requested a completed Declaration of Identity form.

**Decision of Post Order Custody Review – Detain**
A73573 574 ZHOU, Xiao Qin
Page 2

On March 18, 2008, Vice Consular Officer Wang informed ICE that are travel document for the purpose of facilitating your travel to China will likely be issued in two to three weeks.

You will not be released from ICE custody at this time because: The Consulate General of the People's Republic of China has assured ICE within the last seven days, that the issuance of a travel document appears imminent. The presence of a travel document is currently the only impediment keeping ICE from enforcing an order of removal issued by a United States Immigration Judge. In addition, you appear to be a flight risk as evidenced by your documented failure to surrender to the Fulton County, GA Sheriff's Office. Your criminal conviction also documents a reasonable belief that you pose a threat to society if released from ICE custody.

Based on the above; you are to remain in ICE custody pending your removal from the United States. You must continue to demonstrate that you are making reasonable efforts to comply with the order of removal, and cooperate with ICE efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by _May 23, 2008,_ jurisdiction of the custody decision in your case will be transferred to the Headquarters Custody Review Unit (HQCRU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____ James King _____
for Christopher Shanahan
Field Office Director

3/24/2008
Date

No._____

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA

### XIAO QIN ZHOU – PETITIONER, *PRO SE*

VS.

### EDWARD MCKENZIE, ATTY. GEN. et al – RESPONDENT

## CERTIFICATE OF SERVICE

I, **Xiao Qin Zhou,** do swear or declare that on this date, May 24, 2008, as required by the Southern District Court of Alabama, I have served the enclosed **Petition for a Writ Habeas Corpus under 28 USC § 2241 and All Writs Act under 28 USC § 1651,** on each party to the above proceedings or that party's counsel, and on every person required to be served, by depositing an envelope containing the above documents in the United States Mail properly addressed to each of them and with the First-Class Mail postage prepaid:

Edward McKenzie, U.S. Atty. Gen. et al
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

I, declare under penalty of perjury that the foregoing is true and correct as permitted by 28 U.S.C. § 1746.

Respectfully Submitted,

_Zhou Xiao Qin_

Xiao Qin Zhou.
Alien No. A 73 573 574
Perry County Correctional Center
Rt. 2, Box 176, Hwy. 80
Uniontown, AL 36786
Petitioner, *Pro-Se*

Date: May 24, 2008



XIAO QIN ZHOU
A 73 573 574
Perry County Correctional Center
P.T. 2, Box 176, Hwy. 80
Uniontown, AL 36786

Clerk of the Court
Southern District Court of Alabama
113 St. Joseph Street
Mobile, AL 36602